**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DIXON,<br><br>        Petitioner,<br><br>  v.<br><br>A.A. LAMARQUE, Warden,<br><br>        Respondent.<br>_____ | No. C 01-4974 MMC (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO ALTER OR AMEND JUDGMENT** |

    On July 27, 2007, the Court issued an Order Granting Petition for Writ of Habeas Corpus, and Judgment was entered thereon. Now before the Court is respondent's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).

    In general, a court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *see also* 12-59 Moore's Fed. Prac. -- Civ. § 59.30[5][a][i] (noting the same). Respondent's motion appears to proceed under the third prong. According to Respondent, the judgment should be altered or amended because "[t]he normal practice is [a] *conditional* grant of the writ [of habeas corpus], setting a specified time for the state to commence proceedings regarding the affected count." Mot. at 2 (emphasis added).

    The Court finds a conditional grant is appropriate. *See, e.g.*, *Arnold v. Runnels*, 421

F.3d 859, 869-70 (9th Cir. 2005) ("We direct that a conditional writ of habeas corpus issue, requiring the State of California to release Arnold from custody in this case, unless it grants him a new trial to commence within a reasonable period of time to be determined by the district court."); *Boyde v. Brown*, 404 F.3d 1159, 1180 (9th Cir. 2005) ("The district court should have granted a conditional writ of habeas corpus as to the penalty phase of Boyde's trial."). Moreover, as respondent points out, the instructional error that gave rise to habeas relief concerned only the sexual offense convictions and not the convictions for assault with a deadly weapon and false imprisonment.

Accordingly, the Motion to Alter or Amend Judgment is hereby GRANTED, and the Court will amend its Order Granting Petition for Writ of Habeas Corpus to provide that Respondent shall release Petitioner from custody unless, within ninety (90) days of the date of this order, the state (1) commences retrial proceedings on the sex offense charges or (2) commences re-sentencing proceedings on the charges not affected by the Court's order. Additionally, the Clerk of the Court will be directed to enter an amended Judgment consistent with the Amended Order.

IT IS SO ORDERED.

DATED: August 9, 2007

_____
MAXINE M. CHESNEY
United States District Judge